**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NEW LIGHT CHURCH WORLD
OUTREACH AND WORSHIP CENTERS,
INC. AND IRA V. HILLIARD,
INDIVIDUALLY AND DERIVATIVELY
ON BEHALF ON BEHALF OF IMPACT
NETWORK, INC,

          Plaintiff,               Case No. 2:24-cv-12898

v.                             Hon. Brandy R. McMillion
                             United States District Judge

IMPACT NETWORK, INC. AND
WAYNE T. JACKSON AND BEVERLY
JACKSON,

          Defendants.

_____ /

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS (ECF NO. 49)**

Plaintiff New Light Church World Outreach and Worship Centers, Inc. ("New Light") is a Houston-based, non-profit religious corporation founded and led by I.V. Hilliard ("Hilliard"). ECF No. 46, PageID.1533. On or about August 27, 2011, New Light entered into a Memorandum of Understanding (the "MOU") with Defendant Impact Network, Inc. ("Impact"), which is co-lead by Defendants W.T. Jackson and Beverly Jackson. *Id.* at PageID.1533-1534. Plaintiff brings this action based on

1

Defendants' alleged breach of the MOU.  *See generally* ECF No. 1.  Specifically, Plaintiff brings claims for breach of contract, unjust enrichment, and most recently, through its Fourth Amended Complaint ("FAC"), a derivative action pursuant to Mich. Comp. Laws Ann. § 450.2489 ("MCL 450.2489" or "§ 450.2489").  *See generally* ECF No. 46.  Defendants move to dismiss the most recent derivative action claim.  *See generally* ECF No. 49.  The parties adequately briefed the Motion so the Court finds oral argument unnecessary and will rule based on the record before it. *See* ECF Nos. 49, 50, 51; E.D. Mich. L.R. 7.1(f)(2).  The Motion to Dismiss (ECF No. 49) is **GRANTED** and Count III is **DISMISSED WITH PREJUDICE**.

## I.

Plaintiff filed this action on November 1, 2024.  Since then, there have been several iterations of the complaint, resulting in the Fourth Amended Complaint becoming the operative pleading.  *See generally* ECF No. 46.  The FAC introduced a derivative action pursuant to MCL 450.2489—Count III.  *See* ECF No. 46, PageID.1564-1567.  According to Plaintiff, it brings this action "derivatively on behalf of Impact pursuant to MCL 450.2489 [… because] Defendant Wayne T. Jackson, as President and Beverly Jackson, as controlling officers of Impact owed fiduciary duties of care, loyalty, good faith, and honesty to Impact and its stakeholders. Defendants breached those duties and engaged in conduct illegal, fraudulent and willfully unfair and oppressive to Impact, New Light and to Director

I.V. Hilliard."  *Id.* at PageID.1565.  Plaintiff alleges that "W.T. Jackson made and subscribed false IRS Form 990 returns[,]" and Impact suffered damages as a result. *Id.* at PageID.1567.

Defendants now move to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, in part, that the statute upon which Plaintiff relies does not create a claim for derivative action because it is a direct action statute.  *See* ECF No. 51, PageID.1623-1625.  Plaintiff's position, in response, is that § 450.2489 has a "dual remedial purpose[.]"  ECF No. 50, PageID.1610.

## II.

When reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief."  *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted). To satisfy facial plausibility, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Typically, courts assess the sufficiency of the complaint "without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted). If such materials are considered, the court generally must treat the motion to dismiss as one for summary judgment. *Id.* (citation omitted). However, the Court can still consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to dismiss to one for summary judgment. *Id.* (citing *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)).

## III.

Count III of Plaintiff's FAC is a claim for a derivative action pursuant to MCL 450.2489. ECF No. 46, PageID.1564-1567. Defendants contend it is subject to dismissal on several grounds, but primarily because Plaintiff cannot state a claim for derivative action under MCL 450.2489. *See generally* ECF No. 51. The Court agrees.

As Plaintiff appears to concede in his Opposition Brief, there is some level of confusion as to the type of claim he attempts to bring with Count III. ECF No. 50,

PageID.1615-1616.  Nonetheless, in the FAC, Count III is labeled as a "Derivative Action."  ECF No. 46, PageID.1564.  Plaintiff is correct that "[c]ourts are not bound by the labels attached to pleadings but will look to the gravamen of the claim to determine its nature."  ECF No. 50, PageID.1616 (citing *Nicolai v City of Dearborn*, 199 Mich App 566, 570 (1993)); *see also Mead Corp. v. ABB Power Generation*, Inc., 319 F.3d 790, 795 (6th Cir. 2003) (quoting *United States v. Louisville & Nashville RR Co.*, 221 F.2d 698, 701 (6th Cir.1955)) ("[T]he label which a plaintiff applies to his pleading does not determine the nature of the cause of action."). However, the issue with Count III in the Complaint cannot be reduced to a mere defect in headings.  Count III directly states, that "Plaintiff I.V. Hilliard is and has been a duly appointed director of Impact Network. **He brings this action derivatively** on behalf of Impact pursuant to MCL 450.2489."  ECF No. 46, PageID.1564-1565 (emphasis added).  So, the Court need not rely on Plaintiff's headings much at all, given the substance of his allegations expressly identifies the claim as one for a derivative action under MCL 450.2489.

But there is one glaring problem with this new legal claim—MCL 450.2489 does not recognize a claim for derivative action.  Plaintiff contends otherwise, maintaining that "[a]lthough the statute does not use the term 'derivative,' its reference to acts 'to the corporation' makes clear that it authorizes suits by directors or members to remedy harm to the nonprofit, performing the same function for

charitable corporations that MCL 450.4292 performs for business corporations[.]"
ECF No. 50, PageID.1608.  Plaintiff continues, "the Legislature signaled its intent
to authorize actions not only for personal injury to directors or members, but also to
redress injury to the corporation itself."  *Id* at PageID.1610.  The Court finds
otherwise.

> Under the statute at issue,
>
> "[a] director of a corporation that is organized on a directorship basis
> […] may bring an action […] to establish that the acts of the directors,
> shareholders, members, or others in control of the corporation are
> illegal, fraudulent, or willfully unfair and oppressive to the corporation
> or to the director […]"

Mich. Comp. Laws Ann. § 450.2489.  Importantly, Michigan courts have relied on
cases interpreting MCL 450.1489 when construing MCL 450.2489 because the
statutes contain "substantially identical language."  *Springfield v. Deer Run Ests.
Condo. Ass'n*, No. 368044, 2025 WL 2014954, at *6 (Mich. Ct. App. July 17, 2025).
*See also Franks v Franks*, 330 Mich App 69; 944 NW2d 388 (2019).

The Court finds *Estes v. Idea Eng'g & Fabrications, Inc.*, 250 Mich. App. 270,
278 (2002) instructive as to whether a party can bring a derivative action under
450.2489.  In *Estes*, the Michigan Court of Appeals evaluated what, if any, type of
cause of action is created by § 450.1489.  *Estes*, 250 Mich. App. at 278.  In doing
so, the Court of Appeals determined that the "statutory cause of action [under
M.C.L. § 450.1489 is] for 'oppression' in favor of minority shareholders who are

6

abused by 'controlling' persons, [thus it] is a direct cause of action, not derivative[.]" *Estes*, 250 Mich. App. at 278.  So, here, the Court declines to accept Plaintiff's unsupported statutory interpretation, which is evidenced by his lack of any, much less controlling, authority.  Instead, the Court finds that, because § 450.2489 creates a direct cause of action that Plaintiff did not plead, Count III is subject to dismissal on that ground alone.

Next, Plaintiff seems to recharacterize his § 450.2489 claim from a sole derivative action claim to both one of direct and derivative action.  *See* ECF No. 50, PageID.1610 ("Courts construing statutes that authorize actions to prevent damages 'to the corporation or to the member or director' apply established principles of statutory interpretation that confirm § 450.2489's dual remedial purpose.").  But that is not what the statute provides.  There is no derivative cause of action under MCL § 450.2489, so Count III is subject to dismissal.

To the extent Plaintiff attempts to recharacterize its claim alleging "a dual remedial purpose" to correctly re-plea Count III, an opposition brief is not the proper vehicle to do so.  Plaintiff insists that "[e]ven if the Court deems the word 'derivatively' imprecise, the appropriate remedy is clarification or amendment, not dismissal.  *See* MCR 2.118(A) (leave to amend shall be freely given when justice so requires)."  ECF No. 50, PageID.1616.  The Court is not persuaded.  Although true, courts generally favor granting leave to amend, a party must properly seek such

relief. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041-42 (6th Cir.1991) ("[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought."). Without acknowledging the applicable standard for amending a complaint—particularly for a fifth amendment—Plaintiff raises the request in passing in an opposition brief. The Court does not construe such passing reference as a motion for leave to amend. But to the extent Plaintiff intended it as such, that request is denied for all the reasons stated herein.

## IV.

Accordingly, Defendant's Motion to Dismiss Count III of the Fourth Amended Complaint (ECF No. 49) is **GRANTED,** and the claim is **DISMISSED WITH PREJUDICE**. Accordingly, **COUNTS I** and **II** are the only remaining claims in this action.

**IT IS SO ORDERED.**

Dated: June 8, 2026                                    /s/ Brandy R. McMillion
    Detroit, Michigan                       Hon. Brandy R. McMillion
                                     United States District Judge