**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NEW LIGHT CHURCH WORLD
OUTREACH AND WORSHIP
CENTERS, INC.,

        Plaintiff,                 Case No. 2:24-cv-12898

v.                             Hon. Brandy R. McMillion
                                 United States District Judge

 IMPACT NETWORK, INC.,

        Defendant.

_____ /

**OPINION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION**
**FOR APPOINTMENT OF A RECEIVER OR ALTERNATIVE EQUITABLE**
**RELIEF (ECF NOS. 57, 60) AND DENYING PLAINTIFF'S MOTION FOR**
**RECONSIDERATION AND/OR CLARIFICATION OF TEXT-ONLY**
**ORDER ON MOTION TO SEAL (ECF NO. 59)**

In the underlying action, Plaintiff New Light Church World Outreach and

Worship Centers, Inc. ("Plaintiff" or "New Light") brings claims for breach of

contract and unjust enrichment against Defendant Impact Network, Inc. related to a

Memorandum of Understanding ("MOU") between the parties.  *See generally* ECF

No. 1, 13, 14, 32, 46).  Now before the Court is Plaintiff's Renewed Motion for

Appointment of a Receiver or Alternative Equitable Relief (the "Renewed Receiver

1

Motion") (ECF Nos. 57, 60).[1]  This motion has been fully briefed.  *See* ECF Nos. 57, 60, 61, 65, 66).  Also pending before the Court is Plaintiff's Motion for Reconsideration and/or Clarification of Text-only Order on Motion to Seal (ECF No. 59).[2]  The Court does not find oral argument necessary, so it will rule based on the record before it.  *See* E.D. Mich. L.R. 7.1(f)(2).

As to the Renewed Receiver Motion, Plaintiff asserts that now, a receiver is appropriate based on a materially developed factual record.  *See* ECF No. 60, PageID.2103.  The Court disagrees and finds that denial of Plaintiff's request for the appointment of a receiver is warranted for all the reasons the Court previously explained.  *See generally* ECF No. 6.  Specifically, (1) New Light's strong likelihood of success on the merits remains uncertain; (2) New Light has not shown that it would suffer irreparable injury without the appointment of a receiver; (3) there are no substantiated allegations that the company is insolvent or subject to a threat of insolvency; (4) the Court is not convinced that there is imminent danger of destructing and/or hiding any evidence in Defendant's possession; (5) nor does the

---

[1] The Court notes that ECF No. 60 is a redacted version of the same motion filed under seal at ECF No. 57.

[2] Plaintiff brings this motion for reconsideration based on its initial request for "*temporary sealing only*, pending an opportunity for Defendant—the designating party under the parties' protective order—to request continued sealing of specific materials if it believed such sealing was warranted."  ECF No. 59, PageID.2084 (emphasis added).  New Light responded to the original request to seal noting that the documents contained sensitive corporate financial documents, which should remain sealed to prevent disadvantage and potential use of this information by rivals in the marketplace.  ECF No. 58, PageID.2082.  Given the documents at issue, the Court determines that sealing is still warranted.  Therefore, this Motion for Reconsideration (ECF No. 59) is **DENIED**.

Court find appointment of a receiver necessary to protect the public interest.  As the Court has already found, this case is a business dispute involving the payment of proceeds.  ECF No. 61.  None of Plaintiff's claims—even after multiple iterations of its complaint—support the appointment of a receiver at this stage of the litigation.  The Motion is denied as a result.

Accordingly, Plaintiff's Renewed Motion for Appointment of a Receiver or Alternative Equitable Relief (ECF Nos. 57, 60) is **DENIED** and Plaintiff's Motion for Reconsideration and/or Clarification of Text-only Order on Motion to Seal (ECF No. 59) is also **DENIED**.

**IT IS SO ORDERED.**

Dated: June 18, 2026                                        s/ Brandy R. McMillion
      Detroit, Michigan                               Hon. Brandy R. McMillion
                                    United States District Judge