UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW LIGHT CHURCH WORLD
OUTREACH AND WORSHIP
CENTERS, INC.,

              Plaintiff,              Case No. 2:24-cv-12898

v.                             Hon. Brandy R. McMillion
                             United States District Judge

 IMPACT NETWORK, INC.,

              Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF NO. 67) AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (ECF NO. 69)

Plaintiff New Light Church World Outreach and Worship Centers, Inc. ("Plaintiff" or "New Light") brings claims for breach of contract and unjust enrichment against Defendant Impact Network, Inc. ("Defendant" or "Impact") related to a Memorandum of Understanding ("MOU") between the parties. *See generally* ECF No. 1, 13, 14, 32, 46. Now before the Court are two discovery motions filed by the parties—Plaintiff's Motion to Compel Discovery (ECF No. 67) relating to its First Request for Production of Documents (the "Motion to Compel") and Defendant's Motion for a Protective Order (ECF No. 69) relating to Plaintiff's

First Request for the Production of Documents to Wayne T. Jackson (the "Motion for Protective Order").  These motions have been fully briefed.  *See* ECF Nos. 67, 69, 71, 74, 75, 76.  Having reviewed the Motions, related briefing, and the record in this case, the Court finds oral argument unnecessary.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Motion to Compel (ECF No. 67) is **GRANTED IN PART** and the Motion for Protective Order (ECF No. 69) is **GRANTED**.

* * * *

Fed. R. Civ. P. 26(b)(1) governs discovery and sets the standard defined by two primary limits: relevance and proportionality.  Under the rule, the scope is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id.*  Courts are entitled to limit discovery and issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed R. Civ. P. 26(c)(1).  The discretion that Courts have over discovery matters is broad.  *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999).

**Motion to Compel (ECF No. 67)**

Plaintiff's Motion to Compel seeks an order requiring Defendant to fully respond to its First Request for the Production of Documents.  New Light argues that Impact is avoiding production of contracts, leases, details of its financial management, and underlying financial source documents.   ECF No. 67, PageID.3064-3065.   Impact objects to the relevance of some requests and the proportionality of others.  *See* ECF No. 67-1, PageID.3130-3155.  As an initial matter, the Court must address Plaintiff's argument that Defendant has waived any objection to the request because they only state boiler plate objections in their initial response.  ECF No. 67, PageID.3079-3080.  While general objections may have initially been made, New Light served a deficiency letter on Impact, to which Impact responded with a detailed explanation of its responses by reference to RFP number. *See* ECF No. 67-1, PageID.3157-3176, 3178-3181.  The Court finds this sufficient to address the actual objections that Impact raises in responding to the discovery requests; and therefore, will address those objections herein.

Additionally, New Light raises the general argument that the response to the request for production does not identify which documents (by specific Bates label) correspond to which request.  However, that is not specifically required by the rules. Rule 34(b)(2)(E) states,

> *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> > (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request…

This does not mean that Impact is required to identify every responsive request to which a document could apply. The rule simply requires that Impact organize the documents in a manner in which Plaintiff can readily identify them and understand what is being produced. *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. CIV.A.09CV10179, 2009 WL 5151745, at *3 (E.D. Mich. Dec. 18, 2009) ("If the producing party produces documents in the manner in which they are kept in the ordinary course of business... Rule 34 imposes no further duty to organize and label the documents to correlate to the particular request to which they are responsive."). The rules guard against document dumps in which a party produces responsive documents among other non-responsive documents in massive amounts. That is not the case here. *See United States v. Warshak*, 631 F.3d 266, 297 (6th Cir. 2010) ("[T]here is no proof that the government larded its production with entirely irrelevant documents. Furthermore, it cannot be said that the government made access to the documents unduly onerous. While access to the documents may have been somewhat hampered due to the format in which they were transferred[,]" that is not enough). Impact has Bates labeled the documents and produced an index with corresponding categories that identified what is contained in each set of documents.

*See* ECF No. 71-3.  The Court finds that is sufficient to meet their discovery obligations under Fed. R. Civ. P. 34(b).

The Court therefore turns to the substance of the objections raised to New Light's request for production.  The requests can be broken down into categories (as identified in the briefing) which the Court will address in turn.

   1. *General/Boilerplate Objections (RFP Nos. 15, 18-20, 24-25, 29, 38, 40, 41-45, 46-47, 64)*

As stated, while the original responses to discovery may have stated "boilerplate" objections of relevance and proportionality.  The inclusion of the deficiency letter and its response, as well as the representation that the parties have met and conferred over these objections is sufficient to show that Plaintiff is on notice of Defendant's position with respect to production.  *See* ECF No. 71, PageID.3505; ECF No. 71-4.  Therefore, the Court finds that Defendant's objections to the identified RFPs have not been waived.

   2. *Initial Disclosure Reference (RFP Nos. 12, 16-17, 31, 48, 54-63)*

Plaintiff asserts that in response to the RFPs, Defendant cannot refer to previously produced initial disclosure documents without identifying by Bates number which of those documents correspond to the request.  ECF No. 67, PageID.3080-3081.  Defendant responds that the rules do not require that level of specificity – and the Court agrees to the extent this is how the documents are kept in the regular course.  This is especially true when the corresponding documents could

respond to many of the numerous requests for production that were served. The Court, therefore, finds that organizing the documents by folder, labeled and identifiable, grouped in a manner in which they were regularly kept (*e.g.*, emails, financials, etc.) is sufficient to comply with the Rule 34 requirements.

### 3. Core Financial Records and Source Documents (RFP Nos. 18, 31, 38)

New Light acknowledges that Impact produced "certain Form 990 filings and selected financial records, including general ledgers for 2021, 2022, 2023, and 2024[,]" however, it did not produce "general ledgers for 2019 or 2020, and it produced no accounting records for 2025." Given that Impact produced some but not all of these records, any objection to their production would be waived. Accordingly, Impact is ordered to produce any remaining Form 990s and the general ledgers for 2019, 2020, and 2025 to the extent that these documents exist.[1]

The Court is also going to order Impact to produce any corresponding bank statements that serve as source documents for the general ledgers produced. Given the sensitive nature of these documents, they should be produced on an "attorneys' eyes only" basis. The Court agrees with New Light that production of these statements will allow them to test the veracity of the general ledgers produced by New Light. This objection is therefore overruled.

---

[1] The Court is mindful that Impact can only produce documents which exist and that are in its custody or control. However, to the extent that any documents are held by third parties *that are under the control* of Impact, those documents should be obtained and produced.

6

4. *Tax Filings, Accountants, Form 990s (RFP Nos. 12-13)*

As the Form 990s have already been produced, the only issue with respect to these requests is whether Impact is required to produce documents from accountants with respect to these filings.  The short answer is no.  New Light concedes that these documents would be protected by the accountant-client privilege, which is recognized under Michigan law.  *See* Mich. Comp. Laws Ann. § 339.372.  Therefore, any objection to production of these documents is sustained.

5. *Corporate Governance, Related Organizations, and Conflicts of Interest (RFP Nos. 3, 4, 7-11, 46-47, 64)*

Impact has agreed to produce documents responsive to RFP Nos. 4, 7-11, and 46; which leaves only 3, 47 and 64 at issue.  *See* ECF No. 71, PageID.3512-3513.  In RFP No. 3, New Light request "documents sufficient to identify affiliated or related organizations (including WTJ Productions, LLC, Wayne's Properties, LLC, Impact Ministries/IMI, Inc. and Great Faith Ministries International, Inc.) and any ownership, control, or management overlap with Impact Network."  ECF No. 67-1, PageID.3116.  Impact objects that this lacks particularity because it is uncertain what type of documents would be "sufficient to identify any affiliated and related organizations."  ECF No. 71, PageID.3513.  The Court agrees.  Based on the request alone, it appears that New Light has already "identified" the related entities.  And the Court is also persuaded that Impact would not have the organizational

documents, taxes, etc. for third-party entities.  Therefore, the objection to this RFP is sustained.

RFP No. 47 requests "any and all communications between Beverly Johnson and any members of Impact Network's Board of Directors relating to any potential or actual conflict of interest between her and/or her family members who applied for or were given a job with Impact Network between 2010 to present."  ECF No. 67-1, PageID.3124.  Impact objects, stating that Mrs. Jackson is not a defendant to this action, is not a party to the MOU, has not been accused of any wrongdoing in the Fourth Amended Complaint and there are no allegations that she did anything to breach the MOU.  The Court agrees.  Further, the request for "any and all communications" dating back 16 years to 2010 is unduly burdensome and not proportional to the needs of the case.  This objection is sustained.

RFP No. 64 requests documents sufficient to identify each person who has served as an officer, director, or management employee of Impact Network, Inc. from November 1, 2018 to the present, including their name, title, position description, and dates of service and job description."  ECF No. 67-1, PageID.3127. Impact responds that all officers are identified on the Form 990s.  ECF No. 71, PageID.3514.  To the extent there remain any outstanding Form 990s that would include this information, they should be produced.  Otherwise, this objection is sustained.

6. *Related-Party Transactions and Compensation (RFP Nos. 19-20, 41-45)*

New Light admits that some of these documents have been produced but wants Impact to certify that there are no further documents.  The problem with this approach is that these requests are extremely broad, seeking documents and communications with potentially numerous third parties.  If Plaintiff can identify specific entities in which it believes there may be communications or documents relating to the payment of proceeds, they are directed to narrow their request.

As to the request for payment to Wayne or Beverly Jackson from non-parties to this lawsuit, for the reasons stated below, the objection is sustained.

7. *Programming Mix, Airtime and 501(c)(3) Compliance (RFP Nos. 15, 15(a)-(c))*

New Light argues that RFP Nos, 15(a)-(c) "seek core operational records" that go to Impact's 501(c)(3) status and whether they have accurately represented their operation on the Form 990s.  The Court finds that wholly irrelevant to the issues before this Court.  As this Court has noted previously, this is a business dispute over the payment of proceeds under an MOU.  Whether Impact properly filed taxes or represented things in its Form 990 are not before this Court or an issue which this Court must decide.  Therefore, Impact's objection as to relevance is sustained.

8. *Vendor and Media Contracts (RFP Nos. 24-25, 29, 40)*

Impact represented that it has produced documents responsive to RFP No. 25 and has no further documents in its possession responsive to this request.  ECF No.

71, PageID3517. That leaves RFP No. 24 (request for social media, marketing, advertising, public relations contracts), No. 29 (contracts between Impact and WTJ Productions LLC) and No. 40 (documents relating to leasehold improvements).

To the extent that RFP No. 24 and No. 29 provide source documents for something listed on the financial ledger of Impact, the objection is overruled. These documents will allow New Light to test the veracity of the financial representations. However, the objection to RFP No. 40 is sustained as New Light claims to need this information to determine the accuracy of use of charitable funds for Form 990 purposes. Again, that is not an issue for this Court to decide, and therefore the request for those documents is not relevant to the claims at issue before this Court.

9. *Net Proceeds, MOU Performance, and Affirmative Defenses (RFP Nos. 16-17, 48, 54-55, 56-63)*

New Light's argument here is duplicative of the issue already addressed by the Court – whether New Light is required to identify by specific bates number which documents correspond to which requests. The Court, having already determined that how the documents were produced is sufficient to meet the rules, holds the same here.

Based on these rulings, Impact is ordered to produce all requested documents that it previously stated it would produce, as well as any documents which the Court has identified herein as relevant and requiring production.

**Motion for Protective Order (ECF No. 69)**

Defendant's Motion for Protective Order seeks to quash, in its entirety, Plaintiff's First Request for the Production of Documents directed to Impact's founder and CEO Bishop Wayne T. Jackson. *See generally* ECF No. 69.  Impact argues that Bishop Jackson is not a party to this litigation, in his individual capacity, nor the "related entities" from which New Light seeks further discovery; and because of that the discovery requests are "irrelevant, invasive, and grossly disproportionate." *Id.* at PageID.3232.  The Court agrees.

First, Bishop Jackson is not a party to this litigation.  He is involved as the corporate CEO and founder of Impact, not in his individual capacity.  New Light originally named Bishop Jackson in its original complaint, but then later agreed to dismiss him from this action.  ECF No. 27, PageID.1205-06.  New Light then filed a Fourth Amended Complaint containing a derivate action against Bishop Jackson (and Beverly Jackson).  ECF No. 46.  The Court dismissed that claim.  *See* ECF Nos. 49, 86.  Because there are no claims against Bishop Jackson (or Beverly Jackson) personally, discovery directed at him regarding their personal finances are beyond the scope of this litigation and are quashed.  To the extent that Plaintiff argues that the information can be used to determine how net proceeds were or should have been calculated by Impact, that information can also be obtained from Impact and documents that have already been produced relating to those calculations (*e.g.*, Form

990s, ledgers, financial statements, etc.). Therefore, the Court will order Bishop Jackson to respond to the discovery *directed at Impact*, on behalf of Impact – the party to this litigation.[2]

Additionally, New Light seeks discovery from Bishop Jackson for the alleged "Related Organizations" owned by the Jackson family. Documents between Bishop Jackson and those entities have no bearing on the calculation of the net proceeds of Impact. To the extent that New Light seeks documents between the Related Organizations and Impact, those documents, to the extent that they exist, can be procured from Impact. That Impact may have made a payment to these entities is unavailing, as Impact likely made payments to many third parties, but that does not open the books and records of all those third parties to discovery due to this litigation. And whether these entities made payment to Bishop Jackson is wholly irrelevant to the claims at issue in this case.

The Court agrees with Defendant that the scope of discovery in this case should be narrowly tailored to the claims at issue: Breach of the MOU between New Light and Impact, and Unjust Enrichment. Any discovery directed beyond those two claims is irrelevant and disproportional to the needs of this case. Discovery should

---

[2] Impact has represented that Bishop Jackson "is not in possession of any additional documents that would have any bearing on the proper interpretation, execution, or enforcement of the MOU." ECF No. 69, PageID.3241. The Court will remind Impact of its discovery obligation and by virtue of this Order, including the ruling on the Motion to Compel, Bishop Jackson shall produce any remaining discovery in the custody or control of Impact that is responsive to the requests, to the extent those documents exist, as outlined herein.

be targeted and Plaintiff's requests to Bishop Jackson are nothing more than a fishing expedition, which is prohibited under the rules. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir.2001).

* * * *

Finally, both parties request attorney's fees and costs under Rule 26(c)(3) and Rule 37(a)(5) based on the other parties alleged discovery failures and abusive and oppressive discovery tactics. *See* ECF No. 67, PageID.3095; ECF No. 69, 3248-3249. The decision to grant fees and costs are within the sound discretion of the Court; and the Court finds neither parties position so substantially unjustified as to warrant fees. Therefore, both requests for fees and costs are denied.

* * * *

Accordingly, Plaintiff's Motion to Compel Discovery (ECF No. 67) is **GRANTED IN PART**; and Defendant's Motion for a Protective Order (ECF No. 69) is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant shall produce all remaining responsive documents to Plaintiff's First Request for the Production of Documents to Impact, whether previously agreed to be produced, or required by this Order, no later than **June 30, 2026**. Defendant shall also provide a statement including the basis of withholding and/or privilege log for any documents being withheld on or before **June 30, 2026**.

13

**IT IS FURTHER ORDERED** that Plaintiff's First Request for the Production of Documents to Wayne T. Jackson is **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant's requests for fees under Rule 26(a)(3) and Rule 37(a)(5) are **DENIED**.

**IT IS SO ORDERED.**

Dated: June 18, 2026             s/ Brandy R. McMillion
     Detroit, Michigan             Hon. Brandy R. McMillion
                                       United States District Judge