**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NEW LIGHT CHURCH WORLD
OUTREACH AND WORSHIP CENTERS,
INC. AND IRA V. HILLIARD,
INDIVIDUALLY AND DERIVATIVELY
ON BEHALF ON BEHALF OF IMPACT
NETWORK, INC,

        Plaintiff,

v.

IMPACT NETWORK, INC. AND
WAYNE T. JACKSON AND BEVERLY
JACKSON,

        Defendants.

_____ /

Case No. 2:24-cv-12898

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (ECF NOS. 90, 93)

Before the Court is Plaintiff New Light Church World Outreach and Worship Centers, Inc's ("New Light" or "Plaintiff") Motions for Reconsideration of the Court's previous order granting Defendant's Motion to Dismiss Count III and the Court's previous order granting in part Plaintiff's Motion to Compel. S*ee* ECF Nos. 90, 93. These motions for reconsideration were filed pursuant to Local Rule

1

7.1(h)(2) and Fed. R. Civ. P. 15.  *See* ECF Nos. 90, 93.  For the reasons stated below, both Motions are **DENIED**.

* * * *

Motions for reconsideration of non-final orders are generally disfavored. E.D. Mich. LR 7.1(h)(2).  These motions are only granted in three instances:

> (1) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (2) An intervening change in controlling law warrants a different outcome; or
>
> (3) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id*.

**ECF No. 90**

New Light files a motion seeking reconsideration of the Court's order dismissing Count III (the Derivative Action).  ECF No. 90.[1]  They conceded that the Court properly concluded that Count III attempted to proceed as a derivative claim and therefore was subject to dismissal.  *Id.* at PageID.3812.  However, New Light seeks reconsideration for the Court to allow amendment stating they can now plead

---

[1] Concurrent with the filing of these motions, New Light also filed a two Motions to Seal (ECF Nos. 91, 94) requesting the sealing of confidential documents referenced in the instant motions and attached as exhibits thereto.  For the reasons stated in the motions, the Court **GRANTS** both Motions to Seal.

the MCL 450.2489 claim differently to include a direct action as opposed to a derivative action. *Id.* at PageID.3815. But that does not meet the standard for reconsideration.

New Light fails to show the Court made any mistake. In fact, they concede that the Court correctly dismissed Count III. *See* ECF No. 90, PageID.3812 ("Plaintiffs do not seek reconsideration of the Court's conclusion that Count III, as pleaded in the Fourth Amended Complaint, attempted to proceed as a 'derivative' claim. For purposes of this motion, Plaintiffs accept the Court's ruling on that issue.")

New Light instead argues that the mistake was dismissal with prejudice because Fed. R. Civ. P. 15(a)(2) allows amendment when justice so requires. ECF No. 90, PageID.3812. While true, Rule 15 is not unlimited. The Sixth Circuit has held that denial of further leave to amend is proper where a plaintiff fails to cure defects after amendment. *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004). Plaintiffs are now on their proposed ***Fifth*** Amended Complaint. There has been ample opportunity for them to correctly plead all claims by this stage of the litigation. What makes Plaintiff's request more problematic is that their previous amendment sought to bring a derivative action, which they concede was improper. Now they seek to bring a direct action under the same statute, which they

3

very well should have known at the outset of this litigation, or at a minimum, when they sought to bring the derivative action under MCL 450.2489.

Plaintiff is not entitled to an advisory opinion followed by another attempt to fix their defects. *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000). Holding otherwise would require an inference counter to one of the most fundamental rules in our system of legal jurisprudence that a claim **must be stated**, so that defendants are on notice of the claims which they face. *See* Fed. R. Civ. P. 8(a). It is inappropriate to allow amendment so that plaintiffs can manufacture new claims in the hopes of continuing litigation. If such rule were adopted, an unlimited number of claims not alleged in previous versions of complaints could be asserted, effectively undermining any Rule 12(b)(6) rulings of the Court.

Moreover, New Light properly asserts that amendment should be denied when it "would be futile, unduly prejudicial, pursued in bad faith, or the product of undue delay." *See* ECF No. 90, PageID.3820 (citing Foman v. Davis, 371 U.S. 178, 182 (1962). The Court agrees and here it would be unduly prejudicial to Defendants to have to continue to address new claims brought by New Light in attempt to continue litigation.

**ECF No. 93**

New Light also seeks reconsideration of the Court's order (ECF No. 88) granting in part Plaintiff's motion to compel discovery (ECF No. 67) and granting

4

Defendant's motion for protective order (ECF No. 69).  *See generally* ECF No. 93. Plaintiff admits it "does not seek wholesale reconsideration of the Court's Discovery Order[,]" but instead asks the Court to reconsider "a limited number of discovery rulings that materially affect New Light's ability to prove its breach-of-contract claim."  *Id.* at PageID.3908.

Pursuant to Rule 7.1(h)(2)(A), New Light must "demonstrate that (1) the court made a mistake, (2) correcting the mistake changes the outcome of the prior decision, and (3) the mistake was based on the record and law before the court at the time of its prior decision."  *Hillman Power Co. v. On-Site Equip. Maint., Inc.*, 582 F.Supp.3d 511, 514 (E.D. Mich. 2022) (citing E.D. Mich. LR 7.1(h)(2)(A)).  Rather than satisfying these requirements, Plaintiff spends its motion advancing new arguments as to why the Court should revisit its prior discovery rulings.  The Court declines to do so and rejects Plaintiff's improper use of the local rule.  To be clear, a party's disagreement with the Court's ruling does not render it a "mistake."  *See Good v. BioLife Plasma Servs., L.P.*, No. 1:18-CV-11260, 647 F.Supp.3d 555, 559-560 (E.D. Mich. Dec. 20, 2022)) ("For purposes of reconsideration, mistakes and outcomes are mutually exclusive […] the purported mistake must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision—it cannot be the outcome itself.").  Plaintiff identifies

5

neither, error in the Court's "legal analysis" nor "factual findings[,]" and the Court finds none.

Nor does the Court find any merit in Plaintiff's alternative request for "clarification" of the Court's previous order (*see* ECF No. 88).  The Court's order is clear, and the parties are instructed to comply with it accordingly.  Therefore, this request for reconsideration (ECF No. 93) is denied.

\* \* \* \*

Accordingly, the Court **DENIES** New Light's Motions for Reconsideration (ECF Nos. 90, 93).

**IT IS SO ORDERED.**

Dated: July 24, 2026                               s/Brandy R. McMillion
      Detroit, Michigan                      Hon. Brandy R. McMillion
                                            United States District Judge